IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TOMMY LEE WAUGH, #47088-074,** | ) |
| | ) |
|        **Plaintiff,** | ) |
| vs. | ) Case No. 21-cv-881-SPM |
| | ) |
| **STEVEN D. WEINHOEFT,** | ) |
| **LAURA J. JONES, NATHAN WYATT,** | ) |
| **NICHOLAS J. BIERSBACH,** | ) |
| **SUZANNE M. GARRISON,** | ) |
| **ROBERT L. GARRISON,** | ) |
| **GERALD M. BURKE,** | ) |
| **KATHERINE LEWIS, ADAM E. HANNA,** | ) |
| **NORMAN R. SMITH,** | ) |
| **DIERDRE A. DURBOROW,** | ) |
| **ANDREW R. SIMONSON,** | ) |
| **JAMES L. PORTER,** | ) |
| **WILLIAM E. COONAN,** | ) |
| **ALI M. SUMMERS, MONICA A. STUMP,** | ) |
| **MICHAEL THOMPSON,** | ) |
| **DANIEL T. KAPSAK,** | ) |
| **NATHAN D. STUMP,** | ) |
| **CHRISTOPHER MOORE,** | ) |
| **JAMES G. PIPER, DONALD S. BOYCE,** | ) |
| **JAMES CUTCHIN, KIT R. MORRISSEY,** | ) |
| **MICHAEL C. CARR,** | ) |
| **AUSA ANGELA SCOTT,** | ) |
| **MARGARET M. ROBERTIE,** | ) |
| **KATHERINE SIEREVELD, KATHY HILL,** | ) |
| **TRACY KNUTSON, DAN SPROUL, and** | ) |
| **BONNIE VICK,** | ) |
| | ) |
|        **Defendants.** | ) |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Plaintiff Tommy Lee Waugh is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), currently incarcerated at the United States Penitentiary in Terre Haute, Indiana. (Doc. 13). Plaintiff had previously been confined at the United States Penitentiary in Marion, Illinois

("Marion") in the Communications Management Unit ("CMU"). While at Marion, Plaintiff filed a Complaint in the Circuit Court for the First Judicial Circuit, Williamson County, in the State of Illinois.[1] (Doc. 1-1, pp. 9-16).

On August 3, 2021, Defendant Dan Sproul (Marion Warden) removed the case to this Court pursuant to 28 U.S.C. § 1331, which provides that federal district courts have original jurisdiction of all civil actions arising under the United States Constitution. Sproul's notice points out that Count 1 of the Complaint alleges deprivation of Plaintiff's First Amendment right to access the courts, and seeks injunctive relief which Sproul, in his official capacity, would have authority to carry out. (Doc. 1). No other Defendants joined in the removal notice or filed a later one.

The Court notes that under the federal removal statute:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

Sproul was served with summons in Williamson County Case No. 21-L-53 on June 23, 2021 (Doc. 1, p. 2), and his notice of removal was not filed until August 3, 2021 – 41 days later. Sproul's removal notice references Plaintiff's Notice of Voluntary Dismissal of Certain Claims and Addition of Claims, filed in the Williamson County case even earlier, on June 4, 2021, which added the request for injunctive relief to Plaintiff's constitutional access to courts claim. (Doc. 1, p. 2; Doc. 1-1, p. 25). The removal notice was untimely based on the June 23, 2021 date that summons was served. and even more untimely if counted from the June 4, 2021 filing of Plaintiff's

---

[1] Plaintiff's Williamson County case was docketed as No. 21-L-53, and file-stamped there on April 30, 2021. (Doc. 1-1, p. 1).

voluntary dismissal notice which amended his Complaint.

However, Plaintiff has filed no objection to the removal, and has thus waived any such objection. In this Circuit, failure to effect timely removal under 28 U.S.C. § 1446(b) is a procedural defect in removal, not a jurisdictional one, thus the objection is waived unless raised by a plaintiff within thirty days of the date of removal. *See Fields v. Jay Henges Enterprises, Inc.*, No. 06-323-GPM, 2006 WL 1875457, at *2 (S.D. Ill. June 30, 2006) (citing *In re Continental Cas. Co.,* 29 F.3d 292, 293-95 (7th Cir. 1994)). Further, because the failure of Sproul to timely remove the case does not implicate the Court's subject matter jurisdiction, it would be improper for this Court to *sua sponte* order a remand on this basis. *See Arnieri v. Cornhoff*, 807 F. Supp. 2d 739, 741-42 (N.D. Ill. 2011). Accordingly, the removal was effective, and the Court will proceed to review the merits of Plaintiff's Complaint.

The removal notice included a copy of the Complaint (Doc. 1-1, pp. 1-24) and Plaintiff's Notice of Voluntary Dismissal of Certain Claims and Addition of Claims. (Doc. 1-1, p. 25). Pursuant to that Notice, Plaintiff dismissed his federal statutory claims (Counts 2-8). He retained a single federal constitutional claim for denial of access to the courts (Count 1), to which he added a request for injunctive relief. The remaining claims (Counts 9-12) are based on Illinois law. (Doc. 1-1, pp. 15-25).

On October 8, 2021, the Court granted Sproul's motion to stay the case pending threshold review under 28 U.S.C. 1915A. (Docs. 10, 15). The Complaint is now before the Court for this preliminary review, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Plaintiff brings this suit against Steven Weinhoeft (the United States Attorney for the Southern District of Illinois ("SDIL") at the time); 25 Assistant United States Attorneys ("AUSAs") for the SDIL (Jones, Wyatt, Biersbach, Suzanne Garrison, Robert Garrison, Burke, Lewis, Hanna, Smith, Durborow, Simonson, Porter, Coonan, Summers, Monica Stump,[2] Thompson, Kapsak, Nathan Stump, Moore, Piper, Boyce, Cutchin, Morrissey, Carr, and Scott); Margaret Robertie (SDIL Clerk of Court at the time); Bureau of Prisons officials Siereveld, Hill, Knutson, and Sproul; and Williamson County Sherriff Vick. (Doc. 1-1, pp. 1, 4-7, 24).

Plaintiff makes the following allegations in his Complaint (Doc. 1-1): Despite the requirement set forth in 28 U.S.C. § 1914 that parties instituting a civil action in federal court, including by removal, are required to pay a $350.00 filing fee and local court rule 3.1 regarding the collection of fees, the AUSA and BOP Defendants have refused to pay the federal filing fees when they remove cases filed in state court to federal court. (Doc. 1-1, pp. 8, 10-11, 15). Plaintiff learned from a jailhouse lawyer housed in the CMU (fellow inmate Moon, who prepared Plaintiff's pleading)[3] that when a lawsuit is filed in Illinois state court against a federal government employee and the plaintiff is granted IFP status, the county sheriff serves the defendant with the summons and complaint. (Doc. 1-1, p. 10, 12). The United States Attorney then usually files a petition to remove the lawsuit to federal court.

Inmate Moon further informed Plaintiff of a "massive conspiracy" between Marion officials and the U.S. Attorney's Office to prevent CMU inmates from bringing lawsuits against Marion employees in the state Circuit Court in Williamson County. (Doc. 1-1, pp. 10-11). Two

---

[2] While this action was pending, Monica Stump left the U.S. Attorney's Office to become Clerk of Court for the Southern District of Illinois, succeeding Margaret Robertie. Monica Stump took no part in any of the proceedings related to this case.
[3] Doc. 1-1, p. 1).

4

state court judges and three federal judges have taken part in this conspiracy. Plaintiff alleges that Defendants Hill, Sproul, Siereveld, Knutson, and other prison employees complained they were distracted from their duties when they were served with summons by the deputy sheriffs and needed to stop this. It was then determined that instead of the Williamson County Clerk forwarding the summons to the sheriff for service when an inmate was granted IFP status, the summons would be returned to the plaintiff with a notation that the indigent plaintiff himself must send the summons and complaint to the sheriff's office for service. As a result, the plaintiff would incur the cost of making copies and sending the documents to the sheriff. (Doc. 1-1, pp. 12-14, 22). Plaintiff asserts that the purpose of this change was to deny inmates access to the state court and deter them from filing lawsuits in state court. Plaintiff lists a number of cases filed by inmate Moon and removed to this Court, where the filing fee was not paid by the removing defendant or by AUSA Jones, who filed the removal notice. Based on this allegation, Plaintiff claims that Jones owes $6,000 in filing fees for these cases. (Doc. 1-1, p. 14).

He further alleges that the conspiracy included a scheme by Wyatt and Weinhoeft for all the AUSAs to file fraudulent Westfall Act[4] certifications that individual BOP defendants were acting within the scope of their employment, in order to convert the case into a suit under the Federal Tort Claims Act ("FTCA") – in spite of the lawsuit containing constitutional and statutory claims which cannot be converted to FTCA claims. (Doc. 1-1, pp. 22-23).

Plaintiff asserts in Count 1 that he has been denied access to the courts by Defendants' refusal to pay the filing fees for removal petitions; and by Defendants issuing instructions to the state court judges to refuse to allow the state court clerk to forward summonses to the Williamson County Sheriff for service upon defendants. (Doc. 1-1, p. 15).

---

[4] 28 U.S.C. § 2679.

Counts 9-12 all assert state law claims based on the alleged conspiracy described above, the refusal to pay federal court filing fees, and the alleged fraudulent filing of Westfall Act certifications to prevent individual federal employees from being held individually liable. These counts include civil conspiracy, negligence and negligence "per se," and intentional infliction of emotional distress. (Doc. 1-1, pp. 18-20, 22).

Plaintiff seeks damages and injunctive relief including orders requiring the U.S. Attorney Defendants to pay the $400 removal filing fees for all civil cases removed from the Williamson County Circuit Court; requiring the Clerk of this Court to collect these filing fees, and prohibiting the U.S. Attorneys from fraudulently certifying that all of the defendants sued by CMU inmates were acting within the scope of their employment. (Doc. 1-1, pp. 20-21; 25).

Based on the allegations in the Complaint and adopting Plaintiff's numbering of the claims that remain after his voluntary dismissal of the federal claims in Counts 2-8, the Court designates the following claims in this *pro se* action:

Count 1: First Amendment claim for damages and injunctive relief against all Defendants for denying Plaintiff's access to the courts by refusing to pay the federal filing fees for actions removed to this Court from the Williamson County Circuit Court, and for instructing Williamson County court judges to refuse to allow the Williamson County Circuit Court Clerk to forward summons forms to the Williamson County Sheriff to be served on defendants.

Count 9: State law civil conspiracy claim against all Defendants for conspiring to deprive Plaintiff and other CMU inmates from accessing the courts by refusing to pay filing fees for removal cases and causing the Williamson County Circuit Court Clerk to cease forwarding summons forms to the Williamson County Sheriff.

Count 10: State law negligence and negligence "per se" claim against Weinhoeft and all AUSA Defendants for failing to pay filing fees for cases removed to federal court, and against Robertie for failing to collect these fees.

Count 11: State law civil conspiracy claim against the AUSA Defendants, Hill,

>           Siereveld, Knutson, and Sproul to prevent individual federal defendants from being held individually liable by having Wyatt file fraudulent Westfall Act certifications in removal cases.
>
> Count 12:   State law claim against all Defendants for intentional infliction of emotional distress on Plaintiff through their actions described above.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[5]

## DISCUSSION

**Count 1 – First Amendment Access to Courts**

As explained below, this claim fails for several reasons, and it will be dismissed.

First, the U.S. Attorney and AUSAs are immune from suit because all of their actions described in the Complaint were taken in the course of performing their duties as prosecutors in the judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 420-29 (1976); *Atkins v. Gilbert*, 52 F.4th 359, 361 (7th Cir. 2022); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Count 1 against Defendant Weinhoeft and the AUSAs listed above by name thus does not survive review under § 1915A.

Former Clerk of Court Robertie is likely entitled to quasi-judicial immunity in relation to her ministerial duty of collecting court filing fees. *See Schneider v. County of Will*, 366 F. App'x 683, 685 (7th Cir. 2010) (collecting cases). More to the point, however, the U.S. Attorney and AUSAs, as well as the BOP officials, are not required to pay federal court filing fees. It is a longstanding rule that the U.S. Government is exempt from paying such fees. *See U.S. v. Orenic*, 110 F.R.D. 584, 586-87 (W.D. Va. 1986) (U.S. Government's statutory "immunity" from paying

---

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

filing fees goes back to at least 1919 and is reflected in 28 U.S.C. § 2412, a previous version of which "effectively established a filing fee for the United States of $0.00"); 28 U.S.C. § 2412(a)(2) (judgment for costs in favor of the U.S. in an action brought by the U.S. may include an amount equal to the filing fee prescribed under § 1914(a) but this "shall not be construed as requiring the United States to pay any filing fee"). *See also* 28 U.S.C. § 1914 (Judicial Conference Schedule of Fees) ("Federal agencies or programs that are funded from judiciary appropriations … should not be charged any fees under this schedule."). The U.S. Attorney's office is of course a branch of the U.S. Department of Justice, an agency of the U.S. Government, as is the Bureau of Prisons. Accordingly, Plaintiff's claim that Defendants have unlawfully refused to pay required filing fees to this Court for cases removed from state court is without merit.

Turning to the rest of Plaintiff's First Amendment claim for denial of access to the courts, it is apparent that Plaintiff's core complaint is that he has not been able to pursue his lawsuits in his preferred forum of the Williamson County Circuit Court, because his cases have been removed to this Court. But as explained below, the claims brought by Plaintiff which this Court found to have merit have survived and are still pending.

Plaintiff invokes *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which recognized an implied civil damages remedy against individual federal officers who allegedly violated the plaintiff's federal constitutional rights under the Fourth Amendment. *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers." *King v. Fed. Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005). But *Bivens* and § 1983 are not coextensive. The Supreme Court has recognized only two other instances in which an implied damages remedy under *Bivens* is available for a constitutional deprivation. *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment sex

8

discrimination claim); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment claim for denial of medical care for a serious medical condition). Recent cases have declined to extend a *Bivens* remedy to contexts beyond the Fourth Amendment's protection against unreasonable search and seizure and stated that further expansion of *Bivens* is a "disfavored judicial activity." *Ziglar v. Abbasi*, 582 U.S. --, 137 S. Ct. 1843 (2017) (declining to extend *Bivens* to Fifth Amendment due process/conditions of confinement/abuse and equal protection claims and to Fourth/Fifth Amendment strip search claims); *Egbert v. Boule*, -- U.S. --, 142 S. Ct. 1793 (2022) (no *Bivens* remedy for First Amendment retaliation claim or Fourth Amendment excessive force claim).

In the § 1983 context, a plaintiff who pursues a claim for denial of access to the courts "must identify an underlying nonfrivolous claim that the prison officials' actions impeded." *Delgado v. Godinez*, 683 F. App'x 528, 529 (7th Cir. 2017) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996)). Here, Plaintiff has utterly failed to identify an underlying nonfrivolous claim that he has been unable to pursue in court due to Defendants' actions. The only cases referenced in the Complaint are a list of cases filed by the inmate who prepared Plaintiff's pleading, none of which were brought by Plaintiff. (Doc. 1-1, p. 14).

According to this Court's docket, prior to bringing the instant case, Plaintiff filed only one case in the Circuit Court of Williamson County that was removed to this Court: *Waugh v. Boussag, et al.*, No. 21-cv-812-JPG (filed April 30, 2021 in state court; removed July 15, 2021).[6] However,

---

[6] The Court notes that Plaintiff signed the Complaint in No. 21-cv-812 on April 26, 2021 (Doc. 1-1, p. 21 in that case). On the same date of April 26, 2021, Plaintiff also signed the Complaint in this case (Doc. 1-1, p. 21) and the Complaint in *Waugh v. Schrieber, et al.*, No. 21-cv-813-JPG (Doc. 1-1, p. 25 in that case; filed May 3, 2021 in state court and removed July 15, 2021). There is nothing in the record to indicate that Plaintiff submitted these three Complaints for mailing on any other date than April 26, 2021; thus the different state court filing dates can be attributed to the vagaries of mail delivery and/or the clerk's processing of incoming cases.

because Plaintiff signed his Complaint in the instant case on the same date as he signed the complaint in No. 21-cv-812-JPG, it is questionable whether that "previous" case can even be considered to pre-date the instant Complaint. Additionally, No. 21-cv-812-JPG is still pending, and Plaintiff's state law claims are now proceeding against the United States as Federal Tort Claims. *See* No. 21-cv-812-JPG (S.D. Ill., Doc. 14, June 29, 2022) (dismissing Administrative Procedure Act ("APA") claims from First Amended Complaint). The third Complaint signed and presumably submitted by Plaintiff on April 26, 2021, removed here as *Waugh v. Schrieber, et al.*, No. 21-cv-813-JPG, is also proceeding in this Court on Federal Tort Claims after the dismissal of *Bivens* and APA claims (No. 21-cv-813, Doc. 11, June 30, 2022). Notably, Plaintiff did not object to removal in Nos. 21-cv-812 or 21-cv-813, and the Court found removal to be proper under the applicable statutes. This record contains no indication that Plaintiff has been denied access to the courts.

Plaintiff also alleges that Defendants caused the Williamson County Circuit Clerk to change the procedure so that he and other prisoner litigants are now required to bear the cost of sending summonses to the county sheriff for service on the state court defendants. Again, Plaintiff fails to provide any information on cases or claims that he was unable to litigate as a result of the imposition of this additional cost, which he also does not quantify. This portion of the Complaint also fails as an access-to-courts claim.

Plaintiff has not identified any nonfrivolous claim that he has been prevented from pursuing in a court due to Defendants' actions. If the present First Amendment claim were evaluated in the context of a § 1983 case, which encompasses a broader range of matters than *Bivens* permits, it would be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. Here, of course, the Court must apply *Bivens* and the subsequent case law severely

10

restricting its expansion. Because Plaintiff's First Amendment claim for denial of access to the courts would not survive merits scrutiny if it had been brought under § 1983, there is no justification for the extension of a *Bivens* remedy to this meritless claim. The Supreme Court's recent guidance on the narrow scope of *Bivens* underscores that allowing this claim to proceed would be an improper expansion of *Bivens*. *Egbert*, 142 S. Ct. 1793; *Abbasi*, 137 S. Ct. 1843; *see also Smadi v. True*, 2021 WL 2853262, Case No. 18-cv-2149-JPG (S.D. Ill. July 8, 2021).

For these reasons, Plaintiff's First Amendment *Bivens* claim in Count 1 will be dismissed for failure to state a claim upon which relief may be granted. The dismissal will be with prejudice because it appears from the pleading and record that no facts exist to support a cognizable court access claim, thus amendment of the Complaint to re-plead this claim would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

**Remand of State Law Claims in Counts 9-12**

Upon the dismissal of Count 1, no federal constitutional claims will remain in this action that would confer jurisdiction pursuant to 28 U.S.C. § 1331, which was the basis for removal to this Court. Under 28 U.S.C. § 1447(c), when "it appears that the district court lacks subject matter jurisdiction, the case should be remanded." Accordingly, this case will be remanded to the state court where it originated. *See* 28 U.S.C. § 1447(c).

### DISPOSITION

**IT IS HEREBY ORDERED** that Count 1 is **DISMISSED** with prejudice for failure to state a federal constitutional claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the First Judicial Circuit, Williamson County, Illinois (Case No. 2021-L-53), pursuant to 28 U.S.C.

§ 1447(c), for proceedings related to Plaintiff's remaining state law claims. The Clerk of Court is **DIRECTED** to close this case, enter judgment accordingly, and to mail a certified copy of this Order to the clerk of the state circuit court. *See* 28 U.S.C. § 1447(c).

    **IT IS SO ORDERED.**

    DATED:  November 23, 2022

                                            *s/ Stephen P. McGlynn*
                                            **STEPHEN P. McGLYNN**
                                            **United States District Judge**